PEREYÓ, PETICIONARIO, *v.* LÓPEZ ET AL., COMO MIEMBROS DE LA JUNTA EXAMINADORA DE ASPIRANTES A REGISTRADORES DE LA PROPIEDAD, DEMANDADOS.

SOLICITUD para que se expida un auto de *mandamus* condicional dirigido a los demandados, ordenándoles que admitan a examen al peticionario.

No. 149.—Resuelto en julio 14, 1915.

MANDAMUS—REQUISITOS DE LA SOLICITUD.—Cuando en una solicitud de *mandamus* presentada al Tribunal Supremo, no se cumple con el requisito exigido por la sección 69 del Reglamento, relativo a que deben expresarse en la misma "las razones que hacen indispensable que el auto se expida originalmente por este Tribunal," puede esta corte desestimarla de plano.

ABOGADOS—DEFINICIÓN DE ESCRICHE.—Abogado en general es el que defiende causa o pleito suyo o ajeno demandando o respondiendo, pero, según el estado de nuestra legislación, es el profesor de jurisprudencia que con título legítimo se dedica a defender en juicio, por escrito o de palabra, los intereses o causas de los litigantes.

JUECES—DEFINICIÓN DE ESCRICHE—ID. DE LAS SIETE PARTIDAS.—Juez es la persona revestida de la potestad de administrar justicia a los particulares, o sea de aplicar las leyes en los juicios civiles o en los criminales o así en unos como en otros. "Los juzgadores han nombre de jueces, que quiere tanto decir, como homes bonos que son puestos para mandar et facer derecho."

ABOGADO—ABOGADOS EN EJERCICIO—JURISPRUDENCIA AMERICANA.—Los deberes ordinarios de un abogado consisten en la representación de partes litigantes ante las cortes de justicia. La práctica de la abogacía abarca la preparación de alegatos y otros documentos relacionados con las acciones y procedimientos especiales, así como la tramitación de tales acciones y procedimientos, a nombre de los clientes, ante los jueces y las cortes, y, además, traspasos, preparación de documentos legales de todas clases, y, en general, toda asistencia a los clientes, y toda acción que se interponga a su nombre en autos relacionados con la ley. El abogado es también un funcionario de la corte, y, como tal, su buena fe y sus honestas transacciones constituyen un deber para con los tribunales ante los cuales ejerce su profesión.

ABOGACÍA—EJERCICIO DE LA ABOGACÍA—JUECES—FUNCIONES DISTINTAS.—Las funciones de un abogado en ejercicio y de un juez, son distintas. La judicatura y el foro tienen en verdad muchos puntos de contacto, pero constituyen campos de acción diferentes. La incompatibilidad del ejercicio de la abogacía con el desempeño de cargos judiciales, está declarada por la ley en Puerto Rico.

REGISTRADOR DE LA PROPIEDAD—ASPIRANTES A EXAMEN—EJERCICIO DE LA ABOGACÍA—DESEMPEÑO DE FUNCIONES JUDICIALES.—De acuerdo con los principios enunciados, se resolvió en este caso que las palabras "abogado en ejercicio," usadas en el último párrafo de la sección 1 de la Ley sobre Registros de la Propiedad de 1904, tal como quedó enmendada en 1909, no incluye a un abogado que está desempeñando las funciones de juez municipal, a los efectos de contar el tiempo que dicho abogado desempeña funciones judiciales como empleado en el ejercicio de la abogacía.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. Francisco González y Celestino Iriarte, Jr.*

Los demandados no comparecieron.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Luis Pereyó Quiñones, por medio de sus abogados Celestino Iriarte, Jr., y Francisco González, archivó en la Secretaría de esta Corte Suprema el 12 de julio actual una solicitud para que se expida un auto condicional de *mandamus*

dirigido a la Junta Examinadora de Aspirantes a Registra-
dores de la Propiedad ordenándole que admita a examen al
peticionario y de no admitirlo que comparezca ante esta Corte
Suprema en el día y hora que al efecto se señale para expo-
ner las razones que tenga para ello.

Alega el peticionario que el 29 de junio de 1906 fué admi-
tido al ejercicio de su profesión de abogado por el Tribunal
Supremo de Puerto Rico y la ejerció en efecto activamente
ante la Corte de Distrito de Humacao hasta el 6 de julio de
1908 en que fué nombrado juez municipal de dicha ciudad,
desde cuya última fecha ha venido desempeñando las fun-
ciones del expresado cargo judicial para lo cual se requiere
como condición precedente indispensable el ser abogado admi-
tido a ejercer ante el Tribunal Supremo de Puerto Rico.

Y alega el peticionario además, que no obstante haber
demostrado a la Junta Examinadora de Aspirantes a Regis-
tradores, los anteriores hechos, dicha junta se ha negado
a admitirlo a examen por el motivo de que, según la junta,
el peticionario no ha probado haber ejercido su profesión
de abogado por más de cinco años, como requiere la ley.

Antes de entrar en el examen de la cuestión fundamental
envuelta en este caso, diremos que en ninguna parte de la
solicitud se cumple con el requisito exigido por la sección 69
del reglamento de este tribunal, 17 D. P. R., LXXVI, rela-
tivo a que deben expresarse en la misma "las razones que
hacen indispensable que el auto se expida originalmente por
este tribunal." La abogacía en general debe cumplir cui-
dadosamente ese precepto encaminado a preservar en cuanto
sea posible el carácter distintivo de esta corte como tribunal
de apelación, carácter que le permite estudiar y resolver las
cuestiones con más calma, después de haberse depurado y
decidido por las cortes de distrito, y por consiguiente con
mayor seguridad de acierto. La falta indicada sería bas-
tante para desestimar de plano la solicitud. Sin embargo,
como de los hechos alegados se desprende la urgencia del
caso, ya que el plazo dentro del cual podría ser admitido a

examen el peticionario está próximo a expirar, consideraremos la solicitud en su fondo dictando la resolución que proceda en justicia.

La sección 1 de la ley asignando sueldos a los registradores de la propiedad y para otros fines, aprobada en 10 de marzo de 1904, tal como quedó enmendada en 1909, (Leyes de 1909, pág. 215), en su último párrafo dice así:

"Para ser nombrado registrador de la propiedad de cualquier registro de la propiedad de Puerto Rico, se requiere: ser ciudadano del pueblo de Puerto Rico, mayor de 25 años, abogado en ejercicio con más de cinco años de práctica en las cortes de distrito y Corte Suprema de Puerto Rico, y leer, escribir y hablar correctamente el idioma español.'

La cuestión a considerar y a resolver consiste, pues, en la interpretación que deba darse a las palabras "abogado en ejercicio."

El peticionario entiende que cuando un abogado desempeña las funciones de juez, es un "abogado en ejercicio." La Junta Examinadora resolvió la cuestión en sentido negativo, de acuerdo con la ley, a nuestro juicio.

Escriche, en su Diccionario razonado de Legislación y Jurisprudencia, vol. 1, pág. 60, dice:

"*Abogado.*—En general es el que defiende causa o pleito suyo o ajeno, demandando o respondiendo; pero según el estado de nuestra legislación, es el profesor de jurisprudencia que con título legítimo se dedica a defender en juicio por escrito o de palabra los intereses o causas de los litigantes.

"Esta voz viene del adjetivo latino *advocatus,* que significa *llamado,* porque entre los romanos en los negocios que pedían conocimiento de las leyes, llamaba cada cual en su socorro a los que hacían un estudio particular del derecho. También eran designados con los nombres de *patronos* y defensores, porque tomaban bajo su protección a las personas, encargándose de la defensa de sus intereses, de su honor o de su vida; y al mismo tiempo se les daba alguna vez el título de *oradores,* cuando se les veía desplegar con calor toda la fuerza de la elocuencia *perorando* por sus clientes. Todas estas denominaciones convienen igualmente entre nosotros a los que ejercen la

profesión de la abogacía, y se les da además por nuestras antiguas leyes la de *voceros,* porque usan de su oficio con voces y palabras.''

El mismo autor, en la misma obra, vol. 3, p. 431, expresa:

''*Juez.*—El que está revestido de la potestad de administrar justicia á los particulares, o sea de aplicar las leyes en los juicios civiles o criminales o así en unos como en otros. 'Los juzgadores,' dice la ley 1ª., tít. 4º., Part. 3ª., 'han nombre de jueces, que quiere tanto decir, como homes bonos que son puestos para mandar et facer derecho.''

Como puede verse, las funciones de un abogado en ejercicio y de un juez son distintas. En Puerto Rico se requiere que los jueces, con excepción de algunos que desempeñan cargos de poca importancia, sean abogados. Pero cuando un abogado es nombrado juez y comienza el desempeño de los deberes de su nuevo cargo, sale del Foro para entrar en la Judicatura. La Judicatura y el Foro tienen en verdad muchos puntos de contacto, pero no puede negarse que son campos distintos. Es cierto que en ambas se estudia constantemente la ley y que no se concibe que si el pensamiento del Legislador estuvo fijo en el hecho de que el cargo de registrador de la propiedad debía ser desempeñado por una persona no solo experta en el conocimiento de la ley, sino con suficiente práctica de ese conocimiento, se refiriera sólo a los ''abogados en ejercicio ante los tribunales'' y omitiera a los abogados que componen esos mismos tribunales ante los cuales se ejerce. Pero la ley es la ley, y tal como exista debe aplicarse por los tribunales.

En el derecho y en la tradición americanos, las palabras ''*practicing lawyer*'' y ''*practicing attorney,*'' tienen igual significado que en el derecho y en la tradición españoles las palabras ''abogado en ejercicio.'' Nos limitaremos a citar algo sobre la materia, tomándolo de la obra ''Ruling Case Law'' que se está editando en la actualidad por William M. McKinney y Burdett A. Rich:

''Los deberes ordinarios de un abogado consisten en la representación de partes litigantes ante las cortes de justicia, y es con este

propósito que se le expide una licencia, bajo la autoridad del Estado. De acuerdo con la definición generalmente aceptada de la práctica de leyes en este país ésta abarca la preparación de alegatos y otros documentos relacionados con las acciones y procedimientos especiales, así como la tramitación de tales acciones y procedimientos, a nombre de los clientes, ante los jueces y las cortes, y, además, traspasos, preparación de documentos legales de todas clases, y, en general, toda asistencia a los clientes, y toda acción que se interponga a su nombre en asuntos relacionados con la ley.   Un abogado es una persona que se dedica a cualquiera de estos ramos de la práctica de la ley   *   *   *.   El abogado es también un funcionario de la corte, y, como tal, su buena fe y sus honestas transacciones constituyen un deber para con los tribunales ante los cuales ejerce su profesión. Su más alto deber es informar a la corte en cuanto a la ley y los hechos del caso, y ayudarla a impartir justicia y llegar a correctas conclusiones   *   *   *.''   2 Ruling Case Law, 938.

Si alguna duda pudiera existir todavía, dicha duda quedaría desvanecida por completo al leer la ley prohibiendo al Fiscal de la Corte Suprema, Fiscales de las cortes de distrito y jueces municipales el ejercicio de la abogacía, aprobada el 9 de marzo de 1905, (Leyes de 1905, p. 191).   La sección 1 de dicha ley, en lo pertinente, es como sigue:

''Que al Fiscal de la Corte Suprema, fiscales de las cortes de distrito y jueces municipales se les prohibe por la presente ejercer la abogacía;   *   *   *.''

De suerte que el mismo Legislador que exige ''el ejercicio de la abogacía'' durante un determinado número de años para poder aspirar a ser nombrado registrador, prohibe a los jueces municipales ''el ejercicio de la abogacía.''   La incompatibilidad entre una profesión y otra, está, pues, declarada por la ley, y la cuestión envuelta en este caso resuelta en tal virtud por la misma de modo terminante en contra de las pretensiones del peticionario.

Su solicitud, en su consecuencia, debe ser desestimada.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.